UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    1:16-cv-9276
AKEEM MONTGOMERY
                        Plaintiff,                                           **COMPLAINT**

                                                                             Jury Trial Demanded

                        - against -

POLICE OFFICER DAVID JOHNSON and
DETECTIVE ROBERT HENN, each Individually
and in their Official Capacity
                        Defendants.
------------------------------------------------------------------------X

    Plaintiff AKEEM MONTGOMERY, by his attorney, JAY HEINRICH of THE

HEINRICH LAW GROUP, P.C., complains of the defendants herein and alleges, upon

information and belief, as follows:

### NATURE OF THE CASE

    1.  This is a civil rights action to recover money damages arising out of, and to redress, the

defendants' violation of the rights accorded to the Plaintiff by the Civil Rights Act of 1871, 42

U.S.C. § 1983, and by the Constitution of the United States, including the Fourth, Fifth and

Fourteenth Amendments.

    2.  Plaintiff was falsely arrested, falsely imprisoned, and maliciously prosecuted by the

defendants, officers of the New York City Police Department.  Plaintiff was deprived of his

constitutional rights when the individual defendants unlawfully confined plaintiff, caused the

unjustifiable arrest of plaintiff, and maliciously prosecuted plaintiff.

    3.  Because the defendants knowingly and intentionally violated plaintiff's clearly established

rights, they are not entitled to qualified immunity. By this action, the plaintiff is demanding

compensatory damages for the harms he has suffered as a result of the defendants' unlawful

actions, punitive damages to punish and deter the defendants from engaging in similar unlawful actions in the future, attorney's fees and costs, and all available legal and equitable relief.  Plaintiff demands trial by jury.

JURISDICTION AND VENUE

4.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

5.  This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the plaintiffs' claims occurred in this district.

6.  There are no administrative exhaustion requirements for bringing the present civil rights action under 42 U.S.C. § 1983.

PARTIES

7.  Plaintiff Akeem Montgomery is a citizen of the United States, who, at all times relevant herein, resided in the County of the Bronx, City and State of New York.

8.  Defendant Police Officer DAVID JOHNSON, is and was at all times relevant hereto, an employee of the New York City Police Department ("NYPD").  Upon information and belief, at all times relevant hereto, Defendant Police Officer DAVID JOHNSON was assigned to the 48th Precinct, located at 450 Cross Bronx Expressway, Bronx, New York, 10457.  Defendant Police Officer DAVID JOHNSON personally participated in the unlawful police activity that is the subject of this action.  At all relevant times, Defendant Police Officer DAVID JOHNSON was acting under color of state law and in the scope of his employment with the NYPD.  Defendant Police Officer DAVID JOHNSON is being sued in his individual and official capacity under 42 U.S.C. § 1983.

9.   Defendant Detective ROBERT HENN, is and was at all times relevant hereto, an employee of the New York City Police Department ("NYPD").  Upon information and belief, at all times relevant hereto, Defendant Detective ROBERT HENN was assigned to the 48th Precinct, located at 450 Cross Bronx Expressway, Bronx, New York, 10457.  Defendant Detective ROBERT HENN personally participated in the unlawful police activity that is the subject of this action.  At all relevant times, Defendant Detective ROBERT HENN was acting under color of state law and in the scope of his employment with the NYPD.  Defendant Detective ROBERT HENN is being sued in his individual and official capacity under 42 U.S.C. § 1983.

FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "9" of this Complaint with the same force and effect as if fully set forth herein.

11. On the morning of Saturday November 30, 2013, plaintiff came to the 48th precinct with his mother, after learning that a police officer had come to their home on Friday November 29, 2013, looking for him.

12. Plaintiff was accused of picking up, and walking off with, a police radio that Defendant Police Officer David Johnson apparently dropped while making an unrelated arrest of a female on November 24, 2013, at approximately 1:56 a.m. at the corner of Southern Boulevard and East 180th Street in the Bronx.

13. Plaintiff told the officer who questioned him that he did not have the radio and that he wasn't at or near the location of the arrest made by Defendant Police Officer David Johnson on November 24, 2013.

14. At 2:20 p.m. on November 30, 2013, inside of the 48th precinct, plaintiff was arrested by

Defendant Detective Robert Henn.

15. Plaintiff had not engaged in and was not engaged in any criminal activity.

16. The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff.

17. Plaintiff was imprisoned at the 48th precinct until he was subsequently transported to Bronx Central Booking, where he continued to be imprisoned until the afternoon of December 1, 2013.

18. In the afternoon of December 1, 2013, plaintiff was arraigned before a judge of the Criminal Court of the City of New York, Bronx County, and was charged with one count of Petit Larceny in violation of New York Penal Law section 155.25 and with one count of Criminal Possession of Stolen Property in the Fifth Degree in violation of New York Penal Law section 165.40.

19. Upon his arraignment on December 1, 2013, Plaintiff was released on his own recognizance.

20. Plaintiff was forced to return to at least five (5) times before all the charges brought against him were dismissed in their entirety on July 17, 2014.

**FIRST CAUSE OF ACTION**
**DEPRIVTION OF RIGHTS UNDER**
**THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

21. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "20" of this Complaint with the same force and effect as if fully set forth herein.

22. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff of his rights, privileges and immunities

guaranteed to citizens of the United States by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers employed by the NYPD and with all the actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

27. As a result of defendants' unconstitutional conduct, plaintiff suffered loss of liberty, insult and embarrassment, emotional pain and suffering, physical pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

28. Plaintiff is entitled to an award of punitive damages to punish defendants for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

**SECOND CAUSE OF ACTION**
**FALSE ARREST/FALSE IMPRISONMENT UNDER 42 U.S.C. §1983**

29. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "28" of this Complaint with the same force and effect as if fully

set forth herein.

30. As alleged above, plaintiff was seized, detained, arrested, and imprisoned by defendants.

31. The defendants intended to, and did, confine plaintiff.

32. Plaintiff was conscious of the confinement.

33. Plaintiff did not consent to the confinement.

34. The confinement of plaintiff was not otherwise privileged.

35. There was no reasonable suspicion, probable cause, arguable probable cause, or other legal justification for plaintiff's seizure, detention, arrest, and imprisonment by the defendants.

36. Defendants are not entitled to qualified immunity for wrongly seizing, detaining, arresting, and imprisoning plaintiff.

37. Defendants' actions violated plaintiff's clearly established rights under the Fourth Amendment.

38. It was not objectively reasonable for defendants to believe that their actions did not violate plaintiff's rights.

39. Defendants acted with intentional, knowing, callous, and/or reckless indifference to plaintiff's rights.

40. As a result of defendants' unconstitutional conduct, plaintiff suffered loss of liberty, insult and embarrassment, emotional pain and suffering, physical pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

41. Plaintiff is entitled to an award of punitive damages to punish defendants for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

## THIRD CAUSE OF ACTION
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" of this Complaint with the same force and effect as if fully set forth herein.

43. Defendants initiated a criminal prosecution against plaintiff.

44. Defendants lacked probable cause to charge plaintiff with any criminal offense.

45. The prosecution was terminated in plaintiff's favor.

46. Plaintiff suffered a deprivation of liberty within the meaning of the Fourth Amendment because he was required to appear in court in connection with the criminal charges a number of times.

47. Defendants are not entitled to qualified immunity for maliciously prosecuting plaintiff.

48. Defendants' actions violated plaintiff's clearly established rights under the Fourth Amendment.

49. It was not objectively reasonable for defendants to believe that their actions did not violate plaintiff's rights.

50. Defendants acted with intentional, knowing, callous, and/or reckless indifference to plaintiff's rights.

51. As a result of Defendants unconstitutional conduct, plaintiff suffered loss of liberty, insult and embarrassment, emotional pain and suffering, physical pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages. Plaintiff is entitled to an award of punitive damages to punish defendants for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

DEMAND FOR JURY TRIAL

52. Pursuant to Federal Rue of Civil Procedure 38, plaintiff hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

PRAYER FOR RELIEF

**WHEREFORE**, plaintiff AKEEM MONTGOMERY respectfully requests judgment against defendants as follows:

A.    Awarding compensatory damages in an amount no less than $500,000;

B.    Awarding punitive damages in an amount no less than $500,000;

C.    Awarding pre-judgment and post-judgment interest as allowed by law;

D.    Awarding reasonable attorney's fees, costs and disbursements, including the fees and costs of experts, incurred in prosecuting this action; and

E.    Granting such other and further relief as the Court may deem just and proper.

Dated: Bronx, New York
November 30, 2016

By:  /s/ Jay Heinrich
JAY HEINRICH (JH 0629)
THE HEINRICH LAW GROUP, P.C.
*Attorney of Plaintiff*
189 East 163rd Street
Bronx, New York 10451
(718) 588-4400
jh@heinrichlawgroup.com